## CROSS v. ZELLERBACH and Another.

### No. 9796; November 30, 1885.

#### 8 Pac. 714.

Statute of Limitations—Parol Evidence of Waiver.—In an action on promissory notes, where the bar of the statute of limitations is set up and issue is joined thereon, the plaintiff relying upon a writing signed by the defendant waiving the benefit of the statute of limitations, parol evidence is admissible of the circumstances under which such writing was executed as part of the res gestae.

Findings.—Findings Held Supported by the evidence.

APPEAL from Superior Court, County of Nevada.

R. H. Taylor and J. M. Malling for appellant; Searls, Niles & Searls and H. V. Reardan for respondents.

THORNTON, J.—This cause has been before this court twice on appeal, and the judgment on the first appeal will be found reported in 55 Cal., at page 433 et seq. (under the title of Sigourney v. Zellerbach), and on the second appeal in 63 Cal., at page 635 [under the title of Cross v. Zellerbach]. On the appeal last referred to the case bears the same title as the one before us; Sigourney having since the commencement of the action departed this life, and Cross having been afterward appointed his administrator and been substituted in place of Sigourney.

The action was originally brought to foreclose a mortgage executed to the plaintiff Sigourney by a corporation called the Eureka Lake Company. The parties to the cause were the present plaintiff's intestate, the defendants Eureka Lake & Yuba Canal Company, and Zellerbach. It was heard on the pleadings and findings and decree of the court below: See statement, 63 Cal. 636. The judgment in that case was reversed for reasons stated in the opinion above referred to. On the return of the cause to the court a quo, the plaintiff filed in that court a supplemental complaint, which was answered by Zellerbach and the Eureka Lake & Yuba Canal Company. This company filed also a cross-complaint, to which a demurrer was interposed by Zellerbach. This demurrer was sustained, and from the judgment in the case, which was in favor of the plaintiff and against the company, an appeal was prosecuted by the defendant company, on which appeal the main question presented was the ruling of the court a quo on this demurrer. On this appeal the ruling of the court upon this demurrer was held erroneous and the judgment reversed. The facts before the court for consideration on this last appeal are also before us on the present one. We refer to the facts on which the case of the plaintiff and the defendant corporation rests. In the opinion filed in this last appeal in 63 Cal. this court, after fully stating the facts, remarked: "If the facts be as stated, we see no reason why a decree should not be entered substantially as prayed

for in both the supplemental and cross-complaints, to the effect that the plaintiff retain and hold the money so paid in full satisfaction of his demand in the action, and that he be adjudged to satisfy of record and to cancel and deliver up the note and mortgage described in the original complaint, and to cancel and deliver up to Zellerbach the forty thousand dollar and ten thousand dollar notes executed by him, and that the twelve thousand dollar note executed to Sigourney by the Eureka Lake Water Company, together with the mortgage executed by that company to Sigourney and Mercellus, be decreed to be fully satisfied'': 63 Cal. 642.

It would needlessly prolong this opinion to state the facts of the case on which plaintiff and the defendant company claim the favorable judgment of this court. They are fully stated on pages 637 to 642 in 63 California Reports, and reference is made to that statement. The facts alleged in the cross-complaint, which were assumed to be true in the judgment in 63 Cal., are found now to be true in the case under consideration. We will only state here, as to the twelve hundred and fifty shares of stock mentioned in the passage quoted above from the opinion of the court in 63 Cal., that these shares were deposited with Parrott by Zellerbach as collateral security for a note of forty thousand dollars executed by Zellerbach to Sigourney under an agreement between them executed on the 23d of August, 1865, and which were sold under the judgment of the district court, which was reversed, as reported in 55 Cal. On the reversal of the judgment as stated above, the cause was remanded, with directions to the court below to overrule the demurrer to the cross-complaint, and for proceedings not inconsistent with the opinion on such reversal. The cause was sent back to the court a quo, who heard the same, and found on the testimony and the admissions in the pleadings the facts above referred to to be true; and, finding them to be true, entered a judgment as indicated by the opinion above referred to. The findings of the court were adverse to certain defenses set up by Zellerbach and held not to be in the way of the judgment which was rendered.

Some of the findings are attacked as not being sustained by the evidence. We have examined the testimony in the cause, and find that they are, as to everything material, sustained.

In relation to the fourth finding, that twelve hundred and fifty shares of stock deposited with Parrott by Zellerbach were accepted by Sigourney as security for the payment of the notes of ten thousand dollars and forty thousand dollars, executed by Zellerbach to Sigourney, we are of the opinion that, under the facts developed in the case, the acceptance of the money for which this stock was sold by Sigourney in discharge of the notes above mentioned was a sufficient acceptance to sustain the finding. The equity of the defendant corporation to have such payment to Sigourney held a discharge of those notes is perfect. This we infer to have been the opinion of the court in Cross v. Zellerbach, 63 Cal. 641. The court, referring to these shares, then said:

"These shares were to be held as collateral security for the payment of the forty thousand dollar note executed to Zellerbach by Sigourney. The additional amount of one sixty-fourth part of the capital stock of the same corporation, which the contract required Zellerbach to deposit as collateral security for the payment of a ten thousand dollar note executed by him to Sigourney, he did not deposit; but the cross-complaint alleges that the twelve hundred and fifty shares so deposited were, by both Sigourney and Zellerbach, 'taken and treated as a compliance with the contract, and the stock was managed, controlled, and voted by the said Sigourney, or by his authority, and remained in the hands of John Parrott as trustee under said contract' until taken and sold by the sheriff. Whether, under such a state of facts, a lien attached to the twelve hundred and fifty shares of stock for the payment of the forty thousand dollar and ten thousand dollar notes executed by Zellerbach, or either of them, we find it unnecessary to determine; for when the stock was sold under and by virtue of the decree of the district court, which was subsequently reversed by this court, the cross-complainant purchased it, at the instance and at the request of Zellerbach, and under a definite and specific contract with him, for a sum largely in excess of its market value, and sufficient to discharge what Zellerbach had bound himself to discharge, to wit, the liens on the property held by Sigourney. The money thus paid and bid for the twelve hundred and fifty shares of the stock of the Eureka Lake & Yuba Canal Company, consolidated, less costs and

the expenses of sale, was paid over to Sigourney, and, according to the averments of the supplemental and cross-complaints, was sufficient in amount to satisfy the entire demand of the plaintiff."

The court then proceeds to say, if the facts be as stated, it sees no reason why a decree should not be entered substantially as prayed for in both the supplemental and cross-complaints, etc. (See these latter remarks quoted in full above.)

It is a noticeable fact that on the former trial the judgment of the court below, as regards plaintiff, was substantially the same as in this case; and, as we construe the opinion, the court discovered no error in that part of the judgment appealed from. The error for which it was reversed was that in relation to the company defendant. This view sustains the decree in favor of plaintiff rendered herein.

Several errors of law are assigned as having occurred at the trial, to which exceptions were reserved. We find no error in any of them. The evidence of Hupp was clearly admissible as to the intent with which Zellerbach appended his signature and the words and figures "Nevada City, May 2, 1878," to a writing waiving the benefit of the statute of limitations as to the forty thousand dollar and ten thousand dollar notes above mentioned. Hupp, in his testimony, details the circumstances under which the signature and the words and figures were written by Zellerbach. These facts were pertinent on the issue of the bar of the statute of limitations as to the aforesaid notes, and were parts of the transaction or res gestae. The court committed no error in allowing this testimony.

We find no error in the record and the judgment and order must be affirmed. Ordered accordingly.

We concur: Morrison, C. J.; Myrick, J.